# WETHERBEE vs. GREEN et al.

Where a person acting in good faith cuts timber from lands, supposing he has a right so to do, and by his labor and the expenditure of money manufactures it into articles of much greater value than the timber, he acquires such a property in the timber thus converted, it cannot be reclaimed by the trees. The remedy of the owner is by an action of trespass.

A mere license to enter upon land and cut timber does not confer a legal right to do so ; but it nevertheless protects the licensee so far as he has acted under it before revocation, and the protection does not depend upon the form, but upon what has been done, having proceeded by consent.

Error to Bay Circuit.

*Opinion by* COOLEY, J.—The defendants in error replevied of Wetherbee a quantity of hoops which he made from timber cut upon their land. Wetherbee defended the replevin suit upon these grounds : First, he claimed to have cut the timber under a license from one Sumner, who was formerly tenant in common of the land with Green, and had been authorized by Green to give such license. Before the license was given, however, Sumner had sold his interest to Camp and Brooks, the co-plaintiffs with Green, and had conveyed the same by warranty deed ; but Wetherbee claimed and offered to show by parol evidence that the sole purpose of this conveyance was to secure a pre-existing debt from Sumner, to Camp and Brooks, and that consequently it amounted to a mortgage, leaving in Sumner under our statute the usual right of a mortgagor to occupy and control the land until foreclosure. He also claimed that the authority given to Green by Sumner had never been revoked, and that the license given would be good against Green and constitute an effectual bar against the suit in replevin, which would fail if any one of the plaintiffs was precluded from maintaining it.

But if the Court should be against him on this branch of the case, Wetherbee claimed further that replevin should not be maintained for the hoops, because he had cut the timber in good faith, relying upon a promise which he had supposed proceeded from the parties having the lawful right to give it, and had by the expenditure of his labor and money converted the trees into chattels im-

mensely more valuable than they were as they stood in the forest, and thereby he had made such chattels his own. And he offered to show that the timber was worth $25, while the hoops were worth some $700. He also claimed to have known nothing of the Sumner assignment. The evidence offered to show these facts was rejected by the Court and plaintiffs obtained judgment.

The principal question involved in the case was : Has a party who has taken the property of another in good faith, and in reliance upon a supposed right, without any intention to commit wrong, has by the expenditure of his money or labor, worked upon it so great a transformation as that which this timber underwent in being trans- formed from trees to hoops, acquired such a property therein that it cannot be followed into his hands and reclaimed by the owner of the trees in its improved condition.

The authorities were examined at length, and the Court conclu- ded that the Judge below had erred in rejecting the testimony offered. That the defendant had a right to show that he had manu- factured the hoops in good faith and in the belief that he had the proper authority to do so ; and, if he should succeed in making that showing, he was entitled to have the jury instructed that the title to the timber was changed by a substantial change of identity, and that the remedy of the plaintiff was an action to recover damages for the unintentional trespass.

On the other points the Court did not entirely agree with the plaintiff in error. It was not deemed important that the deed from Sumner was intended as a mere security. Sumner would have a right of redemption, but it does not follow that he would have been entitled to possession and to all the other rights of mortgagor in courts of law. Where the deed is absolute in form the purpose generally is to vest in the grantor a larger power of control and dis- position than he would have by statute under an ordinary mortgage. Perhaps the statute, which forbids ejectment by mortgage before foreclosure, was not intended to reach a case of this description.— The Court thought that the mere circumstance of the sale of Sum- ner's interest did not operate in law as a reservation of the authority previously given to Sumner to sell the timber. Nor was it neces- sary that the license given to Sumner by Wetherbee should be in any particular form. A mere license to enter upon land and cut

timber does not confer a legal right to do so; but it nevertheless protects the licensee so far as he has acted under it before revocation, and the protection does not depend upon the form, but upon what has been done, having proceeded by consent. However informal the consent may have been, the land owner cannot be allowed, by afterwards recalling it, to make the licensee a trespasser for what he has done in reliance upon it.

Judgment reversed and a new trial ordered.